UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1440 FMO (PVCx) <br> ED CV 21-1116 FMO (PVCx) | Date | August 8, 2022 |
|---|---|---|---|
| Title | Lusene Varkins v. TJC Transport LLC, et al. <br> Dante King v. TJC Transport, LLC dba Coastline Transport, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendant:

None Present  None Present

**Proceedings:**   (In Chambers) Order Re Further Proceedings and Remanding Action

Having reviewed the record in the above-consolidated action, the court concludes as follows.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1440 FMO (PVCx)<br>ED CV 21-1116 FMO (PVCx) | Date | August 8, 2022 |
|---|---|---|---|
| Title | Lusene Varkins v. TJC Transport LLC, et al.<br>Dante King v. TJC Transport, LLC dba Coastline Transport, et al. | | |

there is any doubt as to the right of removal in the first instance.").

The court's review of the Notice of Removal ("NOR") and the attached Complaint in King v. TJC Transport, LLC, et al., ED CV 21-1116 ("King"), makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties, and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332;[3] Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  "Where doubt regarding the right to removal exists, a case should be remanded to state court."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (footnote omitted).

Here, there is no basis for diversity jurisdiction because defendants have failed to show that the parties are diverse.  (See, generally, Dkt. 1, NOR).  With respect to diversity of citizenship, defendants contend that complete diversity exists because plaintiff is a citizen of Pennsylvania (id. at ¶ 7), and defendants are not.  (See id. at ¶¶ 8-9).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens."  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen.").  "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction.  There are only partners, each of which has one or more citizenships."  Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted).

---

[2] Defendants seek only to invoke the court's diversity jurisdiction.  (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1440 FMO (PVCx)<br>ED CV 21-1116 FMO (PVCx) | Date | **August 8, 2022** |
|---|---|---|---|
| Title | **Lusene Varkins v. TJC Transport LLC, et al.**<br>**Dante King v. TJC Transport, LLC dba Coastline Transport, et al.** | | |

Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of that member's incorporation and its principal place of business must be shown.

Defendants contend that TJC Transport, LLC dba Coastline Transport, an LLC ("TJC"), "is incorporated and principally located in the State of Texas" (Dkt. 1, NOR at ¶ 9), and because defendant Michael D. Collins, II is a citizen of Arizona, "complete diversity of citizenship exists[.]" (Id. at ¶¶ 8, 10). However, defendants improperly rely on the standard applicable to corporations despite the fact that TJC is a limited liability company. (See id.). In short, they have failed to show that complete diversity of the parties exists.

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden of showing that the parties are diverse. See Matheson, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The Court's Order of September 17, 2021 (Dkt. 15) issued in King, ED CV 21-1116, and the Court's Order of September 17, 2021 (Dkt. 31) issued in Varkins v. TJC Transport LLC, et al., CV 21-1440 are hereby **vacated**.

2. The King action, Case No. ED CV 21-1116, is hereby re-opened.

3. The King action, Case No. ED CV 21-1116 shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

4. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer     gga